UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
SHEILA LEE,

                              Plaintiff,                      **COMPLAINT**

      -against-                                             PLAINTIFF DEMANDS
                                                               TRIAL BY JURY

THE CITY OF NEW YORK; THE NEW YORK CITY
POLICE DEPARTMENT; NYPD DTS TIMI
TOMACRUZ (Tax Reg No. 947545, Shield No. 4583);
NYPD SGT MOHAMMED RAHIM (Tax Reg No. 959106);
TARGET CORPORATION; TARGET CORPORATION
d/b/a TARGET STORES; THE TARGET STORE at
5100 Kings Plaza, Brooklyn, NY, 11234;  THE TARGET
STORE at 5100 Kings Plaza, Brooklyn, NY, 11234 ASSET
PROTECTION / SECURITY EMPLOYEE ANGEL
TEPIZILA; and ANGEL TEPIZILA,

                            Defendants.
-----------------------------------------------------------------------------X

        Plaintiff, by her attorney, PHILIP J. DINHOFER, LLC complaining of the defendants, respectfully sets forth as follows:

## JURISDICTION

        a.        The jurisdiction of this Court is predicated upon the Constitution of the United States and the Civil Rights Act, Title 42, of the United States Code, Section 1983.

        b.        This action is commenced within one year of the occurrences complained of herein.

## THE PARTIES

        1.        The plaintiff, SHEILA LEE, is a citizen of the County of Kings and State of New York, residing at 2138 East 69th Street, Brooklyn, NY, 11234.

        2.  The defendant, THE CITY OF NEW YORK, is a municipal corporation, duly organized and existing under the laws of the State of New York.

3. At all times mentioned herein, the defendant, THE NEW YORK CITY POLICE DEPARTMENT, was and still is a governmental subdivision of the aforesaid municipal corporation and/or State, subject to the statutes, rules, laws and ordinances enacted thereof.

4. At all time mentioned herein, the defendants, NYPD DTS TIMI TOMACRUZ (Tax Reg No. 947545, Shield No. 4583) and NYPD SGT MOHAMMED RAHIM (Tax Reg No. 959106), were appointed, employed and all times herein acting under color of law in their official capacity as uniformed police officers of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and assigned to the 63RD Precinct.

5. At all times relevant herein, the defendants, TARGET CORPORATION and/or TARGET CORPORATION d/b/a TARGET STORES were and still are a Minnesota Corporation and/or Minnesota business entity, a foreign corporation and/or foreign business entity within the State of New York, duly authorized and permitted to conduct business within the State of New York, with a principal office situated at 1000 Nicollet Mall, Minneapolis, MN, 55403 and a place of business located at 5100 Kings Plaza, Brooklyn, NY, 11234.

6. At all times relevant herein, the defendants, TARGET CORPORATION and/or TARGET CORPORATION d/b/a TARGET STORES are the entity responsible for the liability and/or payment of damages regarding incidents occurring on and/or within the premises, and/or those committed by the personnel employed at, the retail location commonly known as THE TARGET STORE at 5100 Kings Plaza, Brooklyn, NY, 11234.

7. At all times relevant herein, the defendant THE TARGET STORE at 5100 Kings Plaza, Brooklyn, NY, 11234, is a fictitious name, meant to represent the business entity responsible for the said retail store doing business under the commonly known name of "TARGET" at the said location, to the extent such entity is not the defendants TARGET

CORPORATION and/or TARGET CORPORATION d/b/a TARGET STORES. Upon information and belief, the true name of the responsible business entity is known to the defendants TARGET CORPORATION and/or TARGET CORPORATION d/b/a TARGET STORES.

8. At all times relevant herein, the defendants, TARGET CORPORATION and/or TARGET CORPORATION d/b/a TARGET STORES did business as THE TARGET STORE at 5100 Kings Plaza, Brooklyn, NY, 11234.

9. Upon information and belief, the defendants TARGET CORPORATION; TARGET CORPORATION d/b/a TARGET STORES; and THE TARGET STORE at 5100 Kings Plaza, Brooklyn, NY, 11234 are effectively, and for purposes of this litigation united in interest and/or all one and the same entity.

10. The defendants TARGET CORPORATION; TARGET CORPORATION d/b/a TARGET STORES; and THE TARGET STORE at 5100 Kings Plaza, Brooklyn, NY, 11234 are hereinafter referenced collectively as the defendant "TARGET".

11. At all times hereinafter mentioned, the Defendant, TARGET, by its agents, servants and/or employees, conducted and carried on business in the State of New York.

12. At all times hereinafter mentioned, the Defendant, TARGET, by its agents, servants and/or employees, transacted business in the State of New York.

13. At all times hereinafter mentioned, the Defendant, TARGET, by its agents, servants and/or employees, derived substantial revenue from goods used, consumed or purchased, or services rendered in the State of New York.

14. At all times hereinafter mentioned, the Defendant, TARGET, by its agents, servants and/or employees, expected or should reasonably have expected its acts to have consequences in the State of New York.

15. At all times hereinafter mentioned, the Defendant, TARGET, by its agents, servants and/or employees, derived substantial revenue from interstate and/or international commerce.

16. On or about October 3, 2024, the Defendant, TARGET, owned the business premises and retail store commonly known as the Target Store located at 5100 Kings Plaza, Brooklyn, New York.

17. On or about October 3, 2024, the Defendant, TARGET, leased the business premises and retail store commonly known as the Target Store located at 5100 Kings Plaza, Brooklyn, New York.

18. On or about October 3, 2024, the Defendant, TARGET, by its agents, servants and/or employees, was in possession of the business premises and retail store commonly known as the Target Store located at 5100 Kings Plaza, Brooklyn, New York.

19. On or about October 3, 2024, the Defendant, TARGET, by its agents, servants and/or employees, operated the business premises and retail store commonly known as the Target Store located at 5100 Kings Plaza, Brooklyn, New York.

20. On or about October 3, 2024, the Defendant, TARGET, by its agents, servants and/or employees, controlled the business premises and retail store commonly known as the Target Store located at 5100 Kings Plaza, Brooklyn, New York.

21. On or about October 3, 2024, the Defendant, TARGET, by its agents, servants and/or employees, managed the business premises and retail store commonly known as the Target Store located at 5100 Kings Plaza, Brooklyn, New York.

22. On or about October 3, 2024, the Defendant, TARGET, by its agents, servants and/or employees, maintained the business premises and retail store commonly known as the Target Store located at 5100 Kings Plaza, Brooklyn, New York.

23. On or about October 3, 2024, the Defendant, TARGET, by its agents, servants and/or employees, inspected the business premises and retail store commonly known as the Target Store located at 5100 Kings Plaza, Brooklyn, New York.

24. On or about October 3, 2024, the Defendant, TARGET, by its agents, servants and/or employees, secured the business premises, its merchandise, property, assets and/or the retail store commonly known as the Target Store located at 5100 Kings Plaza, Brooklyn, New York.

25. On or about October 3, 2024 the defendant TARGET employed the defendant ASSET PROTECTION / SECURITY EMPLOYEE ANGEL TEPIZILA and/or ANGEL TEPIZILA.

26. On or about October 3, 2024 the defendant TARGET employed the defendant ANGEL TEPIZILA as an asset protection/security employee.

## AS AND FOR A FIRST CAUSE OF ACTION

27. The plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs 1 through 26, inclusive, with the same force and effect as if more fully set forth at length herein.

28. On October 3,2024 while the plaintiff SHEILA LEE, was lawfully and peacefully upon the defendant TARGET's business premises situated at 5100 Kings Plaza, Brooklyn, New York, she was wrongfully accosted, kidnaped, assaulted, battered, detained, arrested, imprisoned and held against her will by the defendants TARGET and/or TEPIZILA, who importuned the NYPD to come to the said location to falsely arrest the plaintiff and to handcuff her in the open presence of the general public at large and other such persons who had assembled on the scene, to have her removed from the scene and taken into custody by the NEW YORK CITY POLICE DEPARTMENT , TIMI TOMACRUZ and/or MOHAMMED RAHIM, and to wrongfully and forcibly be held by them against her will at the 63rd Precinct and without any adequate

explanation being provided for said detention and/or arrest or the nature of any charges being brought against her.

29. The plaintiff was forcibly brought to the 63rd Pct., where she was placed into a jail cell and held over her protests and against her will for many hours, where she was handcuffed, in plain view of all persons thereat. Despite the pleas of the plaintiff and the physical evidence that she provided that clearly showed she was innocent of the alleged charge(s), based upon falsified information provided by the defendants TARGET and TEPIZILA, to the NYPD and/or its police officers the plaintiff was detained, handcuffed, arrested, processed, fingerprinted, photographs and held against her will by police officers who were improperly educated and/or trained by the defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT and denied by them of the opportunity to call for help or legal assistance for several hours, all to her embarrassment, shame and humiliation.

30. Without any warrant or probable cause therefore all of the named defendants herein, based upon falsified information, individually and/or in concert with each other wrongfully importuned each other to act, caused the plaintiff to be, amongst other things, kidnaped, assaulted, battered, wrongfully detained, falsely arrested and wrongfully imprisoned, being held against her will and being taken into custody at the TARGET store situated at 5100 Kings Plaza, Brooklyn, New York, transported in the cage of a police vehicle and held in a cell at the 63rd Precinct in Brooklyn, New York. The plaintiff's arrest was conducted in a verbally and emotionally violent and abusive manner, during the course of which defendants, with deliberate indifference kidnaped, emotionally and verbally assaulted, battered and abused the plaintiff; non-consensual physical contact was had with the person and body of the plaintiff, she was handcuffed in plain view of all persons thereat; and Defendants improperly educated and/or trained police officers held plaintiff in their custody at all locations and restrained her of her

liberty in so deliberately indifferent and abusive a manner such that plaintiff suffered from emotional distress, shame and humiliation.

31. Thereafter, based upon falsified information defendants did issue the plaintiff a Desk Appearance Ticket and in so doing maliciously cause plaintiff SHELA LEE to be prosecuted requiring her retention of counsel, at her own financial cost or at financial cost to the public at large, in defense of the charges wrongfully brought against her thereof. Plaintiff, SHEILA LEE, and her attorney(s) were compelled to appear in Court on multiple occasions in defense of the charges wrongfully prosecuted against her by the defendants. On or about December 10, 2024 at a proceeding held in open Court the charges against the plaintiff, SHEILA LEE, were dismissed in her favor.

32. That as a result of the conduct of the defendants, the plaintiff, SHEILA LEE was caused to sustain severe injuries, physical and emotional pain and suffering, fear of imminent bodily harm, unwanted bodily contact, assault, battery, severe emotional upset and distress, loss of reputation, defamation of character humiliation and mental anguish in her public and private life, loss of liberty, deprivation of freedom, denial of due process of the law, denial of equal protection of the law, and deprivation of her civil rights as secured by the Constitutions of the United States, the State and City of New York.

33. The conduct of the defendants deprived the plaintiff of the following rights, privileges and immunities secured to her by the Constitution of the United States:

a. The right of plaintiff to be secure while in the public, and with her person and effects against unreasonable search, seizure and arrest under the Fourth and Fourteenth Amendments to the Constitution of the United States;

b. The right of plaintiff to be informed of the nature and cause of the accusation against her and to the assistance of legal counsel, secured to her under the Sixth and Fourteenth Amendments to the Constitution of the United States;

c. The right of plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States;

d. The right to be and remain free from the deliberate public and private humiliation inflicted upon her by the defendants and free from their verbal and emotionally abusive, cruel, inhuman and unusual punishment, secured by the due process clause of the Fourteenth Amendments to the Constitution of the United States.

e. The right to be kept free from the unwarranted verbal and emotional abuse and verbally assaultive misconduct of the defendant police officers, including inter alia the defendants TIMI TOMACRUZ and MOHAMMED RAHIM.

f. The right to be kept free from false arrest, wrongful detention and malicious prosecution, no less based upon falsified information.

g. The right to be protected by a properly educated and trained police department and its police officers of all rank by the defendant CITY OF NEW YORK and/or the NEW YORK CITY POLICE DEPARTMENT.

h. The right to be protected against an improperly educated and trained police department and its police officers of all rank by the defendant CITY OF NEW YORK and/or the NEW YORK CITY POLICE DEPARTMENT in the enforcement of a written or unwritten policy that provides retail establishments such as the defendant TARGET with preferential police consideration, notwithstanding a lack of evidence or the presence of contradictory physical evidence.

i. The right to be protected against an improperly educated and trained police department and its police officers of all rank by the defendant CITY OF NEW YORK and/or the NEW YORK CITY POLICE DEPARTMENT in the enforcement of a written or unwritten policy that

permits its police supervisory personnel to "rubber stamp" paperwork and/or wrongfully approve and/or authorize the arrest, detention, conferment, imprisonment and prosecution of individual citizens without first conducting their own independent investigation and/or review of all the facts, participants, witnesses and physical evidence prior to issuing such approval and/or authorization.

34. As a result of the foregoing acts of the defendants, the plaintiff, SHEILA LEE, was damaged thereby in the sum of THREE MILLION ($3,000,000) DOLLARS.

35. The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, and maliciously, by reason of which the plaintiff, SHEILA LEE, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

36. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 35, inclusive, with the same force and effect as if more fully set forth at length herein.

37. On October 3, 2024, defendants, individually and/or in concert with each other, wrongfully importuned each other to act, no less based upon falsified information, arrested plaintiff, held her in custody and restrained her liberty in a manner that was abusive. This arrest was unlawful, in that the defendants were possessed of evidence demonstrating that no crime had been committed and in that there was no reason or cause for belief that plaintiff had committed any crime. In doing so all the acts and things aforesaid defendants, acted willfully and maliciously.

38. Because of this false arrest and malicious prosecution of plaintiff by the defendants, plaintiff was subjected to great indignity and humiliation, pain, distress of mind and body, was prevented from attending to her usual daily affairs and was injured in her good name and reputation in the community.

39. As a result of the foregoing acts of the defendants, the plaintiff, SHEILA LEE was damaged thereby in the sum of THREE MILLION ($3,000,000) DOLLARS.

40. The acts, conduct and behavior of the defendants, were performed knowingly, intentionally, and maliciously, by reason of which the plaintiff, SHEILA LEE, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION

41. The plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs 1 through 40, inclusive, with the same force and effect as if more fully set forth at length herein.

42. On October 3, 2024, without any warrant or probable cause therefore the defendants, individually and/or in concert with each other, wrongfully importuned each other to act, no less based upon falsified information, kidnaped, assaulted, battered, falsely arrested, wrongfully imprisoned and malciously prosecuted the plaintiff, taking her into custody at the 63rd Precinct, Brooklyn, New York. The defendants, willfully and intentionally, verbally and emotionally abused and harassed the plaintiff without provocation and just cause.

43. As a result of the defendants conduct, the plaintiff, SHELA LEE was severely and seriously sick, sore, lame and disabled and upon information and belief will be permanently injured, has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

44. That the plaintiff, SHEILA LEE, was damaged thereby in a sum of THREE MILLION ($3,000,000.00) DOLLARS.

45. The acts, conduct and behavior of the defendants were performed knowingly, intentionally and maliciously, by reason of which the plaintiff, SHEILA LEE, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION

46. The plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs 1 through 45, inclusive, with the same force and effect as if more fully set forth at length herein.

47. That the said violation of civil and constitutional rights, false arrest, malicious prosecution, abuse, defamation, unwanted physical contact with the plaintiff's body and person, assault, battery, negligent and intentional infliction of emotional distress and resulting injury to the plaintiff was caused solely by reason of the negligence, carelessness, wanton & recklessness, depraved indifference, and the intentional acts of the defendants, their agents, servants and employees in the performance of their duties; in wrongfully importuning each other to act, no less based upon falsified information; in failing to fully and properly investigate the facts and circumstances underlying the alleged events which served the predicate for their arrest of the plaintiff; in failing to exercise due care and diligence; in failing to accept, consider and/or listen to the plaintiff, plaintiff's evidence or to the plaintiff's rendition of events; in providing falsified information to the police; in acting upon falsified information; in failing to follow established rules, regulations and procedures; in wrongfully handcuffing plaintiff; in wrongfully making unwanted physical contact with the plaintiff's person and body; in committing assault and battery upon the person of the plaintiff; in wrongfully arresting and detaining the plaintiff; in

failing to take heed of the circumstances then and there prevailing; in falsely arresting, wrongfully imprisoning and maliciously prosecuting the plaintiff based upon falsified information; in conducting the aforesaid arrest and detention of plaintiff in a deliberately indifferent and emotionally abusive manner; in humiliating and embarrassing the plaintiff in the public generally, in failing to advise the plaintiff of the reason for her arrest or the nature of the charges being brought against her; in causing the plaintiff hardship and loss of reputation; in denying the plaintiff the due process of law; in denying the plaintiff the equal protection of the law; in subjecting the plaintiff to cruel, inhuman and unusual punishment; in that the defendant failed to take proper precautions to prevent these occurrences; in failing to provide the plaintiff with safe and or properly trained employees; in failing to properly supervise its employees; in wrongfully permitting its employees to verbally and emotionally abuse the plaintiff;  in that the defendant and its employees were negligent in the operation of their police and retail businesses; in wrongfully conspiring amongst all defendants in such a manner as to deprive plaintiff of her constitutional and civil rights in violation of the laws to the United States, the State of New York, the City of New York and the County of Kings; that defendants and their respective employees failed to take proper precautions to prevent the happening of the incident; in failing to protect the safety and emotional well being of the plaintiff while detained, as well as prior to and once she was taken into custody; in treating plaintiff with deliberate indifference to her emotional well being despite her pleas, obvious distress and complaints; in failing to promulgate and enforce proper and safe rules and procedures; in that employees of the defendant failed to take proper precautions to prevent the injuries sustained by the plaintiff; in failing to protect the plaintiff from the abusive behavior of defendant's agents, servants and/or employees and the defendants were otherwise generally negligent under the circumstances.

48. As a result of defendant's agents, servants and/or employees conduct, the plaintiff, SHEILA LEE, was severely and seriously injured, suffered and will continue to suffer in the future, pain and injury, has become sick, sore, lame and disabled and upon information and belief will be permanently injured, has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

49. As a result of all the foregoing acts of the defendant, the plaintiff, SHEILA LEE, was greatly humiliated and subjected to mental and bodily distress.

50. That the plaintiff, SHEILA LEE, was damaged thereby in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

51. The acts, conduct and behavior of the defendant, were performed knowingly, intentionally and maliciously, by reason of which the plaintiff, SHEILA LEE, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION

52. The plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs 1 through 51, inclusive, with the same force and effect as if more fully set forth at length herein.

53. The actions of defendants, complained of herein amounted to unlawful discriminatory practices against the plaintiff, in violation of New York Executive Law Section 290, et seq..

54. That by reason of the premises, the plaintiff, SHEILA LEE, was severely and seriously injured, suffered and will continue to suffer in the future, pain and injury, has become sick, sore, lame and disabled and upon information and belief will be permanently injured, has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

55. That the plaintiff, SHEILA LEE, was damaged thereby in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

56. The acts, conduct and behavior of the defendant, were performed knowingly, intentionally and maliciously, by reason of which the plaintiff, SHEILA LEE, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

WHEREFORE, plaintiffs demands judgment against the defendants, on the First Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS and for Punitive Damages in a sum of TEN MILLION ($10,000,000.00) DOLLARS and on the Second Cause of Action in a sum in of THREE MILLION ($3,000,000.00) DOLLARS and for Punitive Damages in a sum of TEN MILLION ($10,000,000.00) DOLLARS on the Third Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS and for Punitive Damages in a sum of TEN MILLION ($10,000,000.00) DOLLARS on the Fourth Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS and for Punitive Damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS; and on the Fifth Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS and for Punitive Damages in a sum of TEN MILLION ($10,000,000.00) DOLLARS, together with the costs, disbursements and reasonably attorneys fees of this action.

Dated: Rockville Centre, New York
October 1, 2025

*Philip J. Dinhofer*
By: Philip J. Dinhofer, #6940
PHILIP J. DINHOFER, LLC
Attorneys for Plaintiff(s)
77 N. Centre Ave. - Suite 314
Rockville Centre, NY 11570
516-678-3500