UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

SHEILA LEE,

                       Plaintiff,                  Case No: 25-cv-05492-SDE

   -against-                                **VERIFIED ANSWER**

THE CITY OF NEW YORK; THE NEW YORK CITY
POLICE DEPARTMENT; NYPD DTS TIMI TOMACRUZ
(TAX REG NO. 947545, SHIELD NO. 4583); NYPD SGT
MOHAMMED RAHIM (TAX REG NO. 959106);
TARGET CORPORATION; TARGET CORPORATION
D/B/A TARGET STORES; THE TARGET STORE AT
5100 KINGS PLAZA, BROOKLYN, NY, 11234; THE TARGET
STORE AT 5100 KINGS PLAZA, BROOKLYN, NY, 11234
ASSET PROTECTION /SECURITY EMPLOYEE ANGEL
TEPIZILA; and ANGEL TEPIZILA,

                      Defendants.
---------------------------------------------------------------------------X

The answering Defendant, **TARGET CORPORATION s/h/a TARGET CORPORATION d/b/a TARGET STORES THE TARGET STORE AT 5100 KINGS PLAZA BROOKLYN NY,** (hereinafter "TARGET CORPORATION") by its attorneys, **MOLOD SPITZ & DeSANTIS, P.C.**, answering the Complaint of the Plaintiff states, upon information and belief:

## JURISDICTION

a. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "a" of Plaintiff's Verified Complaint and respectfully refers questions of law to this Honorable Court.

b. Defendant, **TARGET CORPORATION,** denies any knowledge or information sufficient

to form a belief as to each and every allegation contained in paragraph "b" of Plaintiff's Verified Complaint.

## THE PARTIES

1. Defendant, **TARGET CORPORATION,** denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "1" of Plaintiff's Verified Complaint.

2. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "2" of Plaintiff's Verified Complaint and respectfully refers questions of law to this Honorable Court.

3. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "3" of Plaintiff's Verified Complaint and respectfully refers questions of law to this Honorable Court.

4. Defendant, **TARGET CORPORATION,** denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "4" of Plaintiff's Verified Complaint.

5. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "5" of Plaintiff's Verified Complaint except admit Defendant, **TARGET CORPORATION** was and still is a Minnesota Corporation duly authorized and permitted to conduct business within the State of New York and operated a store at 5100 Kings Plaza Brooklyn, NY 11234.

6. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "6" of Plaintiff's Verified Complaint and respectfully refers questions of

law to this Honorable Court.

7. Defendant, **TARGET CORPORATION,** asserts that the allegations in paragraph 7 of Plaintiff's Verified Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph 7 of Plaintiff's Verified Complaint except admits **TARGET CORPORATION** operated the Target store at 5100 Kings Plaza Brooklyn, NY, 11234.

8. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "8" of Plaintiff's Verified Complaint except admits Defendant, **TARGET CORPORATION** did business as Target at 5100 Kings Plaza Brooklyn, NY, 11234.

9. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "9" of Plaintiff's Verified Complaint and respectfully refers questions of law to this Honorable Court.

10. Defendant, **TARGET CORPORATION,** asserts that the allegations in paragraph 10 of Plaintiff's Verified Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant, **TARGET CORPORATION s/h/a TARGET CORPORATION d/b/a TARGET STORES THE TARGET STORE AT 5100 KING PLAZA BROOKLYN NY,** denies each and every allegation contained in paragraph 10 of Plaintiff's Verified Complaint.

11. Defendant, **TARGET CORPORATION,** admits each and every allegation contained in paragraph "11" of Plaintiff's Verified Complaint.

12. Defendant, **TARGET CORPORATION,** admits each and every allegation contained in paragraph "12" of Plaintiff's Verified Complaint.

13. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "13" of Plaintiff's Verified Complaint and respectfully refers questions of law to this Honorable Court.

14. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "14" of Plaintiff's Verified Complaint and respectfully refers questions of law to this Honorable Court.

15. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "15" of Plaintiff's Verified Complaint and respectfully refers questions of law to this Honorable Court.

16. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "16" of Plaintiff's Verified Complaint except admits Defendant **TARGET CORPORATION** owned the retail store commonly known as Target located at 5100 Kings Plaza, Brooklyn, New York.

17. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "17" of Plaintiff's Verified Complaint.

18. Defendant, **TARGET CORPORATION,** admits each and every allegation contained in paragraph "18" of Plaintiff's Verified Complaint.

19. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "19" of Plaintiff's Verified Complaint except admits Defendant, **TARGET CORPORATION**, by its agents, servants and/or employees, operated the retail store commonly known as Target located at 5100 Kings Plaza, Brooklyn, New York.

20. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "20" of Plaintiff's Verified Complaint and respectfully refers questions of

law to this Honorable Court.

21. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "21" of Plaintiff's Verified Complaint except admits, on or about October 3, 2024, Defendant, **TARGET CORPORATION**, by its agents, servants and/or employees, managed the Target store located at 5100 Kings Plaza, Brooklyn, New York.

22. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "22" of Plaintiff's Verified Complaint and respectfully refers questions of law to this Honorable Court.

23. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "23" of Plaintiff's Verified Complaint and respectfully refers questions of law to this Honorable Court.

24. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "24" of Plaintiff's Verified Complaint and respectfully refers questions of law to this Honorable Court.

25. Defendant, **TARGET CORPORATION,** admits each and every allegation contained in paragraph "25" of Plaintiff's Verified Complaint.

26. Defendant, **TARGET CORPORATION,** admits each and every allegation contained in paragraph "26" of Plaintiff's Verified Complaint.

## ANSWERING A FIRST CAUSE OF ACTION

27. With reference to paragraph **27** of Plaintiff's Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs marked and numbered **1-26**, inclusive, with the same force and effect as though more fully set forth herein at length.

28. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "28" of Plaintiff's Verified Complaint.

29. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "29" of Plaintiff's Verified Complaint.

30. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "30" of Plaintiff's Verified Complaint.

31. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "31" of Plaintiff's Verified Complaint.

32. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "32" of Plaintiff's Verified Complaint.

33. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "33 a-i" of Plaintiff's Verified Complaint.

34. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "34" of Plaintiff's Verified Complaint.

35. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "35" of Plaintiff's Verified Complaint.

## ANSWERING A SECOND CAUSE OF ACTION

36. With reference to paragraph **36** of Plaintiff('s) Complaint, the answering Defendant, repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs marked and numbered **1-35**, inclusive, with the same force and effect as though more fully set forth herein at length.

37. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "37" of Plaintiff's Verified Complaint.

38. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "38" of Plaintiff's Verified Complaint.

39. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "39" of Plaintiff's Verified Complaint.

40. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "40" of Plaintiff's Verified Complaint.

## ANSWERING A THIRD CAUSE OF ACTION

41. With reference to paragraph **41** of Plaintiff's Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs marked and numbered **1-40**, inclusive, with the same force and effect as though more fully set forth herein at length.

42. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "42" of Plaintiff's Verified Complaint.

43. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "43" of Plaintiff's Verified Complaint.

44. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "44" of Plaintiff's Verified Complaint.

45. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "45" of Plaintiff's Verified Complaint.

## ANSWSERING A FOURTH CAUSE OF ACTION

46. With reference to paragraph **46** of Plaintiff's Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein

to paragraphs marked and numbered **1-45**, inclusive, with the same force and effect as though more fully set forth herein at length.

47. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "47" of Plaintiff's Verified Complaint.

48. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "48" of Plaintiff's Verified Complaint.

49. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "49" of Plaintiff's Verified Complaint.

50. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "50" of Plaintiff's Verified Complaint.

51. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "51" of Plaintiff's Verified Complaint.

## ANSWERING A FIFTH CAUSE OF ACTION

52. With reference to paragraph **52** of Plaintiff's Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs marked and numbered **1-51**, inclusive, with the same force and effect as though more fully set forth herein at length.

53. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "53" of Plaintiff's Verified Complaint.

54. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "54" of Plaintiff's Verified Complaint.

55. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "55" of Plaintiff's Verified Complaint.

56. Defendant, **TARGET CORPORATION,** denies each and every allegation contained in paragraph "56" of Plaintiff's Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That Target Stores and The Target Store at 5100 Kings Plaza Brooklyn, NY, 11234 are non jural entities and thus there is no jurisdiction other these Defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That any and all damages incurred, or injuries sustained by Plaintiff were as a result of an intervening cause over which this answering Defendant had no control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That any and all damages incurred, or injuries sustained by Plaintiff were as a result of a superseding cause over which this answering Defendant had no control.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That any and all damages incurred, or injuries sustained by Plaintiff were as a result of the sole proximate cause of the Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

That answering Defendant claim the protections, benefits and limitation on liability set forth in Article 14 of the CPLR.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

If and in the event answering Defendant is found to be liable to the Plaintiff, answering Defendant liability is limited by the provisions of Article 14 of the CPLR.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained any injuries and/or damages at the time and place mentioned in

the Complaint herein, those injuries or damages were caused solely or in part by reason of the culpable conduct, contributory negligence or assumption of the risk of the Plaintiff and the answering Defendant herein seeks a dismissal of the Complaint or a diminution of any recovery for the proportion which the culpable conduct attributable to the Plaintiff bear to the culpable conduct which caused the injuries or damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads the provisions of CPLR Section 4545 insofar as applicable, to the reduction of any recovery the Plaintiff might be awarded.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

That if the Plaintiff has received sums of money in settlement of the claims asserted herein, and that by reason thereof, the Defendant is entitled to the protection, provisions and limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the Plaintiff against the Defendant, by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released Defendant's equitable share of the damages, whichever is the greatest.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained any injuries or damages at the time and place mentioned in the Complaint herein, those injuries or damages were caused solely or in part by some other party, person, firm or corporation, his/her/its/their agents, servants or employees over whom this/these answering Defendant had no control and for whose carelessness, negligence or want of care this/these answering Defendant was not and is not responsible or liable.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

That Plaintiff is barred from claiming or recovering any relief set forth in the Verified Complaint to the extent that Plaintiff failed to mitigate, obviate, diminish, or otherwise act to reduce or avoid any damages they allegedly suffered. The failure to mitigate is a bar and/or limitation in whole or in part to Plaintiff's claim for loss and damages, if any, such that the total amount of damages to which Plaintiff is entitled, should be barred or reduced.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

That answering Defendant is not a governmental official within the meaning of 42 U.S. Code § 1983.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

That answering Defendant was not "acting under color of law" within the meaning of 42 U.S. Code § 1983.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, as the confinement of the Plaintiff, if any, was privileged.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

That upon information and belief, probable cause existed to arrest and/or to detain the Plaintiff.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that the actions on the part of the individual Defendants named in Plaintiff's Complaint were intentional, then in such event, such actions were outside the scope of their employment with Target Corporation.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages were caused, in whole or part, by third parties over whom the answering defendant had no authority over or control upon.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

The "Shopkeepers Privilege" and New York General Business Law bars plaintiff's action.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

That Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

WHEREFORE, the answering Defendant, **TARGET CORPORATION s/h/a TARGET CORPORATION d/b/a TARGET STORES THE TARGET STORE AT 5100 KING PLAZA BROOKLYN NY** together with the costs, disbursements and expense of this action.

Dated: New York, New York
October 28, 2025

MOLOD SPITZ & DeSANTIS, P.C.
*Attorney(s) for Defendant*
TARGET CORPORATION s/h/a TARGET CORPORATION d/b/a TARGET STORES THE TARGET STORE AT 5100 KINGS PLAZA BROOKLYN NY

By: *Alice Spitz*
Alice Spitz
1430 Broadway, 21st Floor
New York, NY 10018
Tel: (212) 869-3200
Fax: (212) 869-4242
Our File: TARG-646
Email: aspitz@molodspitz.com

TO:

Philip J. Dinhofer, Esq.
PHILIP J DINHOFER LLC
*Attorney for Plaintiff*
77 North Centre Avenue, Suite 314
Rockville Centre, NY 11570

## ATTORNEY'S VERIFICATION

Alice Spitz, an attorney duly admitted to practice law before the Courts of the State of New York and a member of the firm of MOLOD SPITZ & DeSANTIS, P.C., attorneys for Defendant, **TARGET CORPORATION s/h/a TARGET CORPORATION d/b/a TARGET STORES THE TARGET STORE AT 5100 KINGS PLAZA BROOKLYN NY** states:

That your affirmant has read the foregoing **VERIFIED ANSWER** and know the contents thereof; that the same is true to your affirmant's own knowledge except as to the matters which are stated therein to be alleged on information and belief, and as to those matters your affirmant believes them to be true.

The source of your affirmant's information and belief is an investigation caused to be made with respect to the facts in this action, and file contents.

The reason this verification is not made by answering Defendant herein, is that the Defendant does not have offices within the County of New York where your affirmant's office is maintained.

The undersigned affirms that the foregoing statement is true, under penalties of perjury, pursuant to CPLR 3020(d)(3).

Dated: New York, New York
       October 28, 2025

*Alice Spitz*
Alice Spitz