

|  | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **EVAN J. GOTTSTEIN**<br>*Senior Counsel*<br>(212) 356-2262<br>egottste@law.nyc.gov |

January 6, 2026

**By ECF**
Honorable Seth D. Eichenholtz
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Sheila Lee v. City of New York, et al.</u>, 25-CV-5492 (SDE)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney for defendants the City of New York and the New York City Police Department[1] (hereinafter "City defendants") in the above-referenced action. City defendants write, with all parties' consent, to respectfully request (1) an enlargement of time, from January 12, 2026, until February 26, 2026, to respond to the Complaint, (2) an enlargement of time, *nunc pro tunc*, for City defendants to respond to co-defendants' cross-claims, until February 26, 2026, and (3) a corresponding adjournment of the initial conference scheduled for January 27, 2025 at 3:00 p.m., and related deadlines, to a date after City defendants have responded to the Complaint. This is the second request for an enlargement of time to respond to the Complaint and for an adjournment of the initial conference. This request does not affect any other scheduled Court appearance or deadline.

      As explained in City defendants' letter filed on November 6, 2025, City defendants must obtain sealed records of plaintiff's underlying arrest and criminal case including Police, Criminal Court, and District Attorney's records, before we can meaningfully respond to the allegations in the Complaint. City defendants cannot obtain these records without a properly executed unsealing release pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55. *See* ECF No. 12. On November 7, 2025,

---

[1] The NYPD is named in the Complaint but is not a suable entity. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (citing *Wray v. City of New York*, 340 F. Supp. 2d 291, 303 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."))).

the Court granted City defendants' request for a 60-day extension of time to respond to the Complaint so that plaintiff could provide the properly executed releases and City defendants could request and obtain them with sufficient time to respond to the Complaint. For the same reason, the Court adjourned the initial conference from December 17, 2025, until January 27, 2026. However, to date, plaintiff still has not provided a properly executed § 160.50 release or HIPAA authorization; therefore, City defendants still have not been able to obtain the relevant documents needed to meaningfully respond to plaintiff's allegations in the Complaint. Earlier today, plaintiff advised that she will provide a signed § 160.50 release pre-Answer, but will only provide HIPAA authorizations "with Rule 26 responses." Plaintiff's counsel advised that he mailed the § 160.50 release to his client today, and he estimated that he will likely receive the signed release and forward it to City defendants in approximately one week. Therefore, assuming plaintiff will provide the properly executed release by next Monday, January 12, 2026, defendants respectfully request a 45-day extension of time to respond to the Complaint, until February 26, 2026.

Additionally, City defendants' November 6 letter noted that, based on a review of the docket sheet, the individuals named in the Complaint as "NYPD DTS TIMI TOMACRUZ" and "NYPD SGT MOHAMMED RAHIM" had not yet been served with process, and requested a *sua sponte* extension of time for these individuals to respond to the Complaint until January 12, 2026, to the extent that they would be properly served and their responses would be due before that date. *See* ECF No. 12. However, the docket sheet still does not contain proof of service for these individuals, so it is still not clear if they have been properly served with process, and this Office cannot independently verify at this time whether service was properly effected. Therefore, City defendants respectfully request a *sua sponte* extension of these individuals' time to respond to the Complaint so that all remaining defendants may respond together.

Further, co-defendants Target Corporation, Target Corporation d/b/a Target Stores, and the Target Store at 1500 Kings Plaza (hereinafter "Target") filed an answer to plaintiff's Complaint on October 28, 2025. ECF No. 10. Thereafter, co-defendant Asset Protection/Security Employee Angel Tepizila (hereinafter "Tepizila") filed an answer to the Complaint on November 13, 2025. ECF No. 13. On December 11, 2025, 28 days after co-defendant Tepizila answered and 45 days after Target answered, co-defendants Target and Tepizila (collectively "Target Defendants") filed an amended answer to the Complaint which, for the first time, asserted cross-claims against defendants City, NYPD (a non-suable entity), Tomacruz, and Mohammed, without first seeking leave of Court or consent of the opposing party. *See* ECF No. 14; Fed. R. Civ. P. 15(a)(1)-(2). Additionally, based on a review of the docket sheet, it appears that Target Defendants have not served defendants Tomacruz and Mohammed with a summons and copy of their amended answer asserting cross-claims, as is required for asserting cross-claims against co-parties who have not yet appeared in the action and are not yet represented by counsel. *See* Fed. R. Civ. P. 5. City defendants regrettably overlooked the 21-day deadline to respond to Target Defendants' cross-claims, and the undersigned sincerely apologizing for the belatedness of this request. To that end, City defendants also respectfully request an enlargement of time, *nunc pro tunc*, to respond to Target Defendants' cross-claims, until February 26, 2026, to allow City defendants to file all responsive pleadings (or motions) together.

For the reasons set forth above, defendant City respectfully requests (1) an extension, until February 26, 2026, to respond to the Complaint and Target Defendants' cross-claims in this matter; (2) a *sua sponte* enlargement of time for defendants Tomacruz and Rahim to respond to the

Complaint and Target Defendants' cross-claims until February 26, 2026, to the extent that their responses would otherwise be due before that date; and (3) a corresponding adjournment of the initial conference and the parties' deadline to submit a proposed discovery plan and scheduling order until after City defendants respond to the Complaint. After conferring with counsel for all parties, City defendants propose the following mutually available alternative dates for the initial conference: March 4, March 5, March 6, March 9, March 11, or March 13.

    City defendants thank the Court for its consideration of this application.

Respectfully submitted,

*Evan J. Gottstein*    /s/

Evan J. Gottstein
*Senior Counsel*
Special Federal Litigation Division

cc:    *All Counsel of Record* (Via ECF)